UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.   8:05-cr-365-SDM-AAS
                                                          8:23-cv-2379-SDM-AAS

LEONARDO ANCHICO-JIMINEZ

_____

**ORDER**

Leonardo Anchico-Jiminez moves under 28 U.S.C. § 2255 to vacate his 30-month sentence imposed for his violation of the terms of his supervised release. Anchico-Jiminez claims counsel rendered constitutionally ineffective assistance during his revocation-of-supervised-release proceeding.

**BACKGROUND**

In 2005, Anchico-Jiminez was charged in the Middle District of Florida with possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  (Crim. Doc. 1)  He pleaded guilty to the indictment and was sentenced to 144 months and five years of supervised release.  (Crim. Doc. 362)  The terms of his supervised release required

that Anchico-Jiminez "not commit another federal, state, or local crime" and that, if

he was deported, "he shall not be allowed to re-enter the United States without the

express permission of the appropriate governmental authority." (*Id*. at 3–4)

The circuit court affirmed his convictions and sentence. *United States v. Mina*,

255 F. App'x 437, 439 (11th Cir. 2007). In 2016, Anchico-Jiminez was deported to

Colombia, his native country.

In 2019, before his term of supervised release expired, Anchico-Jiminez was

charged in the Southern District of Florida with conspiracy to possess with intent to

distribute five kilograms or more of a cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and

70503(a), (b) and 21 U.S.C. § 960(b)(1)(B), and possession with intent to distribute

five kilograms or more of cocaine while on board a vessel subject to the jurisdiction

of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), (b),

18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B). He pleaded guilty to the conspiracy

charge and was sentenced to 210 months and five years of supervised release. (Crim.

Docs. 629 and 659)

As a result of Anchico-Jiminez's charges in the Southern District of Florida,

the United States Probation Office petitioned the Middle District of Florida to issue

an arrest warrant for his violations of the terms of his supervised release. (Crim.

Doc. 631) An arrest warrant was issued and executed, and counsel was appointed to

represent Anchico-Jiminez during his revocation-of-supervised-release proceeding.

(Crim. Docs. 632, 633, and 676)

At the revocation hearing, Anchico-Jiminez admitted that his conspiracy conviction in the Southern District of Florida violated the terms of his supervised release, and his supervised release was revoked. (Crim. Doc. 673 at 4, 7–8, 13) The Probation Office calculated an advisory guidelines range of 24 to 30 months for the supervised release violation. The district court sentenced him to a term of 30 months consecutive to the 210-month sentence imposed by the Southern District of Florida. (*Id.* at 13)

Anchico-Jiminez appealed his revocation sentence. He argued that the sentence was substantively unreasonable because the cumulative effect of the 30-month sentence, when imposed consecutively to his 210-month sentence from the Southern District of Florida, was excessive and unreasonable. The circuit court rejected this argument and affirmed. *See United States v. Anchico-Jiminez*, No. 21-13459, 2022 WL 17176255 (11th Cir. Nov. 23, 2022). The circuit court found that "the district court did not abuse its discretion by concluding that a consecutive sentence was warranted by the 18 U.S.C. § 3553(a) factors because [Anchico-Jiminez's] new criminal conduct was similar to the drug importation conviction for which he was serving his supervised release." *Id.* at *3.

Anchico-Jiminez moves to vacate his revocation sentence and claims that counsel rendered constitutionally ineffective assistance during the revocation proceeding by (1) not explaining he could receive a consecutive sentence and (2) not persuading the district court to impose a concurrent, rather than a consecutive,

sentence.  The United States responds that the claims, although cognizable, lack

merit. (Civ. Docs. 9 and 12)

No binding precedent authorizes a defendant to pursue a claim under

28 U.S.C. § 2255 that he was denied his Sixth Amendment right to effective

assistance of counsel during a revocation-of-supervised-release proceeding.  District

courts in the circuit handle such claims differently.  *Compare Diaz v. United States*, No.

2:19-cv-419, 2020 WL 1027334, at *3 (M.D. Fla. Mar. 3, 2020) (performing a

*Strickland* analysis of the defendant's claim that his revocation counsel failed to

challenge the legality of a traffic stop) *with Lee v. United States*, No. 05-cv-1119, 2006

WL 2175586, at *1  (M.D. Fla. Jul. 31, 2006) (finding that allegations of ineffective

assistance of counsel in revocation proceeding could not support a claim under 28

U.S.C. § 2255 because "a defendant has no Sixth Amendment constitutional right to

the assistance of counsel at [revocation] proceedings").  One district court certified

this question to the circuit court: "Do the protections of [Federal Rule of Criminal

Procedure] 32.1(b)(2)(D) provide a constitutional right to effective representation of

counsel in a revocation proceeding wherein the defendant has appointed counsel?"

*Davila v. United States*, No. 120-179, 2021 WL 1738885, at *2 (S.D. Ga. May 3,

2021).  The circuit court did not answer the question directly and remanded "under

the specific facts of this case and binding precedent."  *Davila v. United States*, No. 21-

11359, 2022 WL 1236828, at *1 (11th Cir. Jan. 5, 2022).

"The Sixth Amendment does not apply in hearings for the revocation of

supervised release, probation, or parole."  *United States v. Singleton*, No. 23-11462,

2024 WL 1672324, at *1 (11th Cir. Apr. 18, 2024) (citing *United States v. Reese*, 775

F.3d 1327, 1329 (11th Cir. 2015)).  "[B]ecause the revocation of [supervised release]

is 'not a stage of a criminal prosecution,' 'the full panoply of rights due a defendant'

in criminal prosecutions 'does not apply to revocations of [supervised release]."

*United States v. Dennis*, 26 F.4th 922, 927 (11th Cir. 2022) (quoting *Gagnon v. Scarpelli*,

411 U.S. 778, 787–88 (1973)).  Anchico-Jiminez is entitled to no relief on his claims

of ineffective assistance of counsel because he had no Sixth Amendment right to

counsel in his revocation proceeding.  However, even if Anchico-Jiminez's claims

were cognizable, they lack merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th

Cir. 1994)).  As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains,

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
> Supreme Court set forth a two-part test for analyzing ineffective
> assistance of counsel claims. According to *Strickland*, first, the
> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so

> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Anchico-Jiminez must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Anchico-Jiminez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Anchico-Jiminez cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

## DISCUSSION

### Ground One

Anchico-Jiminez claims that counsel failed to explain the penalties he faced for admitting a violation of supervised release. He believed that his sentence would be imposed concurrently with—not consecutively to—the sentence imposed for his

conviction in the Southern District of Florida.  (Civ. Doc. 1 at 4)

The record refutes Anchico-Jiminez's claim.  At the revocation hearing, the district court specifically advised Anchico-Jiminez that it could impose a consecutive sentence, and he affirmed his understanding (Crim. Doc. 673 at 6–7):

> COURT:   You need to understand the potential consequences or the maximum sanction that could be imposed. Under the laws of the United States you could receive up to five years in prison followed by five years of supervised release, less any jail time.
>
> The advisory sentencing guidelines call for a 24 to 30-month sanction or sentence, followed by supervised release of up to five years, less any jail time. And the United States Probation Office is recommending a 30-month term of custody. And those sanctions can be imposed to run at the same time as your current sentence or to begin after you complete your current sentence and that is up to me.
>
> Do you understand all of those points?
>
> ANCHICO-JIMINEZ:   Yes.
>
> COURT:   Is it still your intention to admit the violations?
>
> ANCHICO-JIMINEZ:   Yes.

"Solemn declarations in open court," such as the declarations Anchico-Jiminez made during the revocation hearing, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath at a plea colloquy are true.").  "[T]he representations of the defendant, his lawyer, and the

prosecutor at a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74. "[W]hen a defendant makes statements under oath . . . , he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Anchico-Jiminez's offers no argument or evidence to disavow his declarations under oath that he understood the district court could impose a consecutive sentence. Because his claim is affirmatively contradicted by the record of the revocation hearing, Anchico-Jiminez has not carried his "heavy burden to show his statements were false." *See id.*

And, he cannot show he was prejudiced by counsel's performance. To establish prejudice in the context of an admission of a violation of supervised release, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have admitted the violation and would have insisted on going to trial. *Premo v. Moore*, 562 U.S. 115, 129 (2011); *Durham v. Sec'y, Dep't of Corr.*, 834 F. App'x 843, 847 (11th Cir. 2020) (same). Anchico-Jiminez does not go so far as to claim that he would not have admitted a violation of supervised release if he had known the district court could impose a consecutive sentence. This alone bars relief. *See Thompson v. Wainwright*, 784 F.2d 1103, 1107 (11th Cir. 1986) (concluding that the defendant failed to show prejudice because he neglected to claim he would have chosen not to plead guilty if counsel correctly advised him of the applicable penalties).

*Ground Two*

Anchico-Jiminez claims that trial counsel was ineffective because he failed to persuade the district court to impose a concurrent sentence rather than a consecutive sentence.  He offers no support for this claim. (Civ. Doc. 1 at 5)

At the revocation hearing, counsel urged the district court to impose a concurrent sentence but also strategically advocated for a lower guidelines sentence if the district court was not amenable to a concurrent sentence.  (Crim. Doc. 673 at 9) Regarding either sentencing option, counsel emphasized the severity of the 210-month sentence imposed by the Southern District of Florida and argued that the 210-month sentence adequately addressed the 18 U.S.C. § 3553 sentencing factors, including deterrence.  (*Id*.)  Anchico-Jiminez himself implored the district court to impose a concurrent sentence, invoking his age, financial obligations, young child, unborn child, and wife.  (*Id*. at 10)  The United States asked the district court to impose a 30-month sentence to run consecutively to the 210-month sentence because "[t]his is the second time he has committed this mistake, and we believe a sentence of 20 years is appropriate based on the background and the conduct in this violation."  (*Id*. at 11)

The district court sentenced Anchico-Jiminez to a term of 30 months consecutive to the sentence imposed in the Southern District of Florida.  The district court explained that Anchico-Jiminez "was not deterred by a 144-month sentence" and his "desperation [was] certainly no justification for committing the same offense that he was originally sentenced for."  (*Id*. at 11)  "A consecutive sentence reflects the

fact that this Defendant has essentially committed the same offense for which he was originally sentenced. He has no respect for the law and has not been adequately deterred." (*Id.* at 13)

Anchico-Jiminez cannot show that counsel performed deficiently or that he was prejudiced by counsel's performance. Counsel specifically requested the district court impose a concurrent sentence but was unsuccessful. "The fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel." *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010). Indeed, Anchico-Jiminez does not suggest what more counsel could have argued to support a concurrent sentence. The record shows that Anchico-Jiminez received a consecutive sentence not because of counsel's ineffectiveness but because, as stated by the district court, "the factors set forth in Section 3553(a) of Title 18, to the extent applicable in a revocation hearing, suggest . . . that a significant term of imprisonment is appropriate." (Crim. Doc. 673 at 13)

Anchico-Jiminez's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Anchico-Jiminez, close this case, terminate any pending motions, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Anchico-Jiminez is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right."  To

merit a certificate of appealability, Anchico-Jiminez must show that reasonable

jurists would find debatable both (1) the merits of the underlying claims and (2) the

procedural issues she seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*,

529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

Because he fails to show that reasonable jurists would debate either the merits of the

claims or the procedural issues, Anchico-Jiminez is entitled to neither a certificate of

appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is

**DENIED**.  Anchico-Jiminez must obtain permission from the circuit court to appeal

*in forma pauperis*.

ORDERED in Tampa, Florida, on January 4th, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 12 -